# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY RHYNARD,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PONCA CITY, OKLAHOMA,<br>an incorporated Oklahoma body politic,<br><br>    Defendant. | Case No. CIV-24-410-J |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kathy Rhynard brings this Complaint against the Defendant, the City of Ponca City. The Defendant wrongfully terminated the Plaintiff in violation of the Americans with Disability Act and the Age Discrimination in Employment Act. The Plaintiff demands a jury trial.

### VENUE

1. The Plaintiff is a resident of Ponca City, Oklahoma.

2. The Defendant is a town (Ponca City) established and incorporated in Oklahoma.

3. All the Defendant's relevant conduct took place in Ponca City, Oklahoma.

4. Ponca City, Oklahoma, is within the jurisdiction of the Western District Court of Oklahoma.

5. Therefore, the Western District Court of Oklahoma is the proper venue for this dispute.

### JURISDICTION

6. Plaintiff raises claims of age and disability discrimination.

7. Violations of the Americans with Disability Act and the Age Discrimination in Employment Act are questions of Federal law.

8. Therefore, the Western District of Oklahoma has subject matter jurisdiction over this dispute.

## GENERAL ALLEGATIONS GERMANE TO ALL COUNTS

9. The Plaintiff was an employee of the Defendant from September, 2002, until she was terminated on September 29, 2022.

10. On April 21, 2022, the Plaintiff experienced a physical impairment that required her to take a leave of absence.

11. In response to the physical impairment that the Plaintiff suffered, the Plaintiff underwent testing by doctors.

12. The test results showed that the Plaintiff had two brain tumors and had suffered a stroke.

13. The Defendant approved the Plaintiff's request for leave to seek medical treatment.

14. On July 25, 2022, the Plaintiff's doctor released the Plaintiff to return to work with restrictions.

15. Despite being released by her doctor to return to work (with restrictions), the Defendant refused to allow the Plaintiff to return to work.

16. The Defendant told the Plaintiff not to return to work until she was given permission by the Defendant.

17. On September 21, 2022, the Plaintiff had a meeting with the Defendant's human resources department.

18. In this meeting, the Plaintiff was told that the Defendant would not accept the work release because it lacked "clarity."

19. In this meeting, the Plaintiff was told that the Defendant would not accept a work release from this doctor.

20. In this meeting, the Plaintiff explained that she had a disability.

21. Also in this meeting, the Defendant told the Plaintiff not to return to work and that someone from the Defendant would call the Plaintiff to discuss next steps.

22. On September 29, 2022, the Plaintiff was mailed a letter from the Defendant which stated that she was terminated.

23. The September 29, 2022, letter also indicated that the Plaintiff had previously been offered two part-time positions but that she declined to take the positions.

24. The September 29, 2022, letter was false because the Defendant never offered the Plaintiff a part-time position.

25. On May 17, 2023, the Plaintiff filed her Charge of Discrimination with the EEOC.

26. The Plaintiff timely filed this Complaint within two years of the discriminatory conduct.

27. The Plaintiff timely filed this Complaint within 90-days of receiving her Right to Sue letter.

## COUNT 1: DISABILITY DISCRIMINATION

28. As a result of her stroke and/or brain tumors, the Plaintiff suffered a disability that substantially impacted one or more of her major life activities.

29. The Defendant knew of the Plaintiff's disability.

30. The Defendant violated the Americans with Disability Act because it refused to engage in the interactive process.

31. The Defendant violated the Americans with Disability Act because it failed to offer an accommodation to the Plaintiff.

32. The Defendant violated the Americans with Disability Act because it failed to determine what the Plaintiff needed to be able to return to her position or a similar/other position.

33. Because the Defendant terminated the Plaintiff because of her disability, the Defendant violated the Americans with Disability Act.

34. For this Count, the Plaintiff demands compensatory damages in excess of $75,000.00.

35. Because of the willful violation of the Americans with Disability Act, the Plaintiff is entitled to emotional distress damages in excess of $75,000.

36. Because the Plaintiff was wrongfully terminated, she is owed lost income, front pay, and back pay.

37. Because the Defendant's conduct was willful (or at least, was in reckless disregard of the Plaintiff's rights), the Plaintiff is entitled to an award of punitive damages in excess of $75,000.

38. The Plaintiff is also entitled to a declaratory judgment that the Defendant violated the Americans with Disability Act.

39. The Plaintiff is entitled to attorney fees and costs.

40. The Plaintiff also requests any further relief deemed just and equitable by this Honorable Court.

## COUNT 2: AGE DISCRIMINATION

41. At the time of her termination, the Plaintiff was 60years old.

42. As a sixty-year-old woman, the Plaintiff is a member of a protected class based on age.

43. The Plaintiff had been an employee of the Defendant since 2002.

44. The Defendant's decision to terminate the Plaintiff, without articulating cause, demonstrates discriminatory intent and treatment.

45. The actions of the Defendant, including its decisions to terminate the Plaintiff after she requested a potential reassignment because of her disability, represents disparate treatment based on age, in violation of the Age Discrimination in Employment Act.

46. The Plaintiff has suffered emotional distress, humiliation, and financial harm as a result of the Defendant's discriminatory actions, entitling her to compensatory damages in excess of $75,000.00.

47. Because of the willful violation of the Age Discrimination in Employment Act, the Plaintiff is entitled to emotional distress damages in excess of $75,000.

48. Because of the Defendant's age discrimination, the Plaintiff is owed front pay and back pay.

49. Because the Defendant's conduct was willful, or at least, was in reckless disregard of the Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages in excess of $75,000.

50. The Plaintiff is also entitled to a declaratory judgment that the Defendant violated the Age Discrimination in Employment Act.

51. The Plaintiff is entitled to attorney fees and costs.

52. The Plaintiff also requests any further relief deemed just and equitable by this Honorable Court.

GARVIN AGEE CARLTON, P.C.

By /s/Jacob Yturri
    Jacob Yturri, OBA# 35269
    Jacob.yturri@gaclawyers.com
P.O. Box 10
Pauls Valley, OK 73075-0010
405-238-1000
Fax: 405-238-1001
Attorneys for Kathy Rhynard

**JURY TRIAL DEMANDED.**

**ATTORNEY LIEN CLAIMED.**